ALEJANDRO BUITRAGO, Plaintiff and Appellant, *v.* ERNESTINA GIROD LUBE, Defendant and Appellee.

No. 4474. Argued March 12, 1929.—Decided April 30, 1929.

*L. Tormes* for the appellant. *P. E. Anglade* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

After sustaining a demurrer to a complaint in a divorce suit on the ground of abandonment the District Court of Guayama, when the plaintiff did not amend, rendered judgment for the defendant. The plaintiff appealed.

The theory of the court was that the averments of the complaint setting up the abandonment were mere conclusions of law; that as expressed the said averments did not exclude the possibility of a separation by consent; that from the complaint the exact beginning of the year was not shown, inasmuch as the time when the husband first made attempts to have his wife return to him were not shown, this being the true statutory time. The *Fiscal* of this court agrees with the conclusion of the court and cites some authorities to the effect that the abandonment is not enough but the intention to abandon should also appear. The appellee supports the arguments set forth and, among other things, says that the fact of separation by one of the spouses would be insufficient for a divorce if such separation were caused by the misconduct of the other. This is perhaps another form of saying that the abandonment must take place along with the intention to abandon.

The essential words of the complaint to be considered are as follows:

"3. That the defendant herein, Ernestina Girod Lube, on or around the 19th of June, 1926, while living under the same roof with the above named plaintiff in the city of Guayama, abandoned him, taking with her all the furnishings of the house where, as formerly alleged, the parties were residing as husband and wife, and since then she has not lived with the complainant in any manner whatsoever.

"4. That during the year that has elapsed since his wife abandoned him the plaintiff herein has requested her on several occasions to return to him, but she has refused to do so."

The statute covering the matter is exceedingly brief. It says, section 164 of the Civil Code:

"The causes for divorce are as follows:

\* \* \* \* \* \* \*

"5. The abandonment of the wife by the husband, or of the husband by the wife, for a longer period of time than one year."

It is with the facts necessary for an indictment or an information that the law requires the greatest rigor. Nevertheless, where a statutory crime is created it is generally sufficient to follow the language of the statute if from it the actual ultimate facts constituting the offense are expressed. A similar rule should prevail for a divorce, especially as the ultimate facts are as a rule fewer and simpler and well within the understanding of the average person. Neither in the pleading nor in the proof is such stringency required as in the field of criminal law.

We are inclined to believe that the complaint would have been sufficient if it had set up that the wife had abandoned her husband on a particular date and that such abandonment had continued up to the date of the complaint, assuming that the period elapsed extended beyond the statutory time of one year. The word "abandon" is a perfectly well understood one and its definition is perhaps, if anything, clearer in Spanish than in English. For example, in English the word

"desertion" is not one of such common usage as *"abandonar"* in Spanish.

From the fact of abandonment the intention to abandon is inferred or presumed. In *Catinchi* v. *Catinchi*, 27 P.R.R. 390, we said:

"The statute makes abandonment for more than one year a ground of divorce and while there must be a co-existent intention to abandon, such intention may generally be inferred from the abandonment."

The evidentiary facts might leave it in doubt whether anything like an intention to abandon was shown and in such case plaintiff is compelled to adduce other facts to show the intention. Otherwise the lack of intention is a matter of defense.

Neither the case of *Girot* v. *Crispín*, 23 P.R.R. 764, nor the case of *Mas* v. *Muñoz*, 35 P.R.R. 799, supports the conclusion of the *Fiscal* that the intention to abandon must be alleged. In each case we were treating of the facts that must appear at the trial and the circumstances in neither case satisfied the court of an intention to abandon.

Nor is the husband under any necessity of seeking a reconciliation unless the separation took place in such circumstances as to leave it in doubt whether the separation was with a will to abandon. *Catinchi* v. *Catinchi*, *supra*, and authorities. Therefore the statute begins to run from the first moment of abandonment.

In the instant case, even though a more simple averment of abandonment would have been enough, the complaint was more specific. The wife not only left her husband but took all the houshould furnishings with her. This act would clearly cast upon the wife the burden of showing that she had no intention of abandoning or that she left the house with the consent of her husband. Furthermore, the complaint set up sufficient attempts at reconciliation on the part of the husband.

Of course when the case goes back the defendant will be free to show any defenses she may have, and perhaps apply some of the cited jurisprudence. We are merely saying that the complaint is sufficient.

We can not hold that in any sense the complaint set up a conclusion of law, and the judgment should be reversed.